# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
PAUL W. GRIMM
CHIEF UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

July 5, 2011

Judith L. Mathis, Esq.
Mathis & Mathis, PC
2500 Wilson Boulevard, Suite 320
Arlington, VA 22207

Alex S. Gordon, AUSA
36 South Charles Street
4th Floor
Baltimore, MD 21201

**Re: William Braxton v. Michael J. Astrue, Commissioner of Social Security, PWG-10-489**

Dear Counsel:

Pending before the undersigned, by the parties' consent, are Cross-Motions for Summary Judgment concerning the Commissioner's decision denying Mr. Braxton's claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").(ECF Nos. 6,12,20). Plaintiff also filed a Response to Defendant's Motion for Summary Judgment. (ECF No. 21). This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). A hearing is unnecessary. Local Rule 105.6. For the reasons that follow, this Court DENIES the Commissioner's Motion and GRANTS the Plaintiff's Alternative Motion for Remand.

Mr. Braxton ("Claimant") filed applications for DIB and SSI on February 28, 2007, alleging that he was disabled due to diabetes mellitus, essential hypertension, two hernias, high cholesterol, and arthritis pain in his knees. (Tr. 111-131, 145). His claims were denied initially and upon reconsideration. (Tr. 68-72). A hearing was held before the Honorable Robert W. Young, Administrative Law Judge, ("ALJ") on April 29, 2009. The ALJ denied Mr. Braxton's claims in a decision dated August 5, 2009, concluding at step one of the sequential evaluation that Claimant had not engaged in substantial gainful activity ("SGA") since his alleged onset date. At step two the ALJ found that Claimant's diabetes mellitus, essential hypertension and hernias all were

"severe" impairments, but that they did not meet or medically equal a Listing at step three. At step four, the ALJ found Claimant retained the residual functional capacity ("RFC") to perform the full range of medium work. The ALJ also determined, based on Mr. Braxton's RFC, that he was not precluded from performing his past relevant work ("PRW") as a housekeeper. (Tr. 17). Accordingly, the ALJ found that Mr. Braxton was not disabled.(Tr. 13-18). On November 24, 2009, the Appeals Council denied Mr. Braxton's request for review, making his case ready for judicial review. (Tr. 3-6).

Mr. Braxton presents several arguments in support of his contention that the Commissioner's final decision should be reversed or, in the alternative, remanded. For the reasons that follow, I find the ALJ's decision is not supported by substantial evidence and am remanding the case.

Claimant's primary argument is that that the ALJ erred at step two. Specifically, he contends that the ALJ failed to discuss all of the relevant medical evidence regarding the osteoarthritis in his knees and his peripheral neuropathy in determining all of his "severe" impairments. At step two, the ALJ found:

"[T]he claimant has the following severe impairments diabetes mellitus, essential hypertension and hernias.(Finding of Fact No. 3, Tr. 14)

The Commissioner acknowledges that Claimant was diagnosed and treated for osteoarthritis in his knees and peripheral neuropathy, but argues that the ALJ declined --albeit by inference -- to find these conditions constituted "severe" impairments. The Commissioner devoted four pages of discussion in his Memorandum to attempting to explain why the ALJ could have found these two alleged impairments were not "severe". However, this is an after the fact rationalization of what the ALJ could have --but did not-- find. After careful review of the record, and the ALJ's decision, it is evident that the ALJ's discussion and analysis failed to recognize that there were additional impairments diagnosed and the evidence regarding the extent of limitations resulting from those impairments was not properly analyzed. This error warrants a remand.

At least two medical sources opined that Mr. Braxton suffered from pain in his knees and from peripheral neuropathy. For example, Dr. Bailey stated that Mr. Braxton had bilateral lower extremity pain status post arthroscopy of the left knee. (Tr. 167). Dr. Desai noted the joint pain was localized in his knee, and Dr. Alexander of the Center for Minimally Invasive Surgery diagnosed osteoarthritis of the left knee and prescribed a knee brace for Claimant.(Tr. 278, 311).

With respect to Claimant's peripheral neuropathy, Dr. Enzo

Leone stated that neurologic examination revealed Class C findings consisting of cold feet and parasthesis, including tingling and shooting sensations in the toes and feet. Additionally, Dr. Leone found that there was clinically significant peripheral neuropathy of Claimant's lower extremities. See Exhibit 1F (Tr. 161, 257, 268, 270). This objective evidence supports Claimant's allegations that his knee arthritis and neuropathy impacted his ability to stand and walk, but it was not discussed by the ALJ at step two of his decision. This was improper in light of SSR 96-8p. Errors such as those which occurred at step two in this case inevitably infect the ALJ's analysis at the subsequent steps. Therefore, I am unable to determine without speculation whether the ALJ considered or simply overlooked the additional impairments at any step of the sequential evaluation. The Court cannot determine whether findings are supported by substantial evidence unless the agency clearly indicates the weight given all the relevant evidence. *Gordon v. Schweiker*, 725 F.2d 231 (4th Cir. 1984) *see also* SSR 96-8p.

Thus, for the reasons given, this Court GRANTS Mr. Braxton's Alternative Motion for Remand and DENIES the Commissioner's Motion for Summary Judgment. A separate Order shall issue.


_____/s/_____
Paul W. Grimm
United States Magistrate Judge